IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 1:99cr90-TMH |
| | ) | [WO] |
| MICHAEL W. CLEMENTS | ) | |

**O R D E R**

Before the court is Defendant Michael W. Clements' "motion for modification of sentence to run concurrent with state time (nunc pro tunc)," filed December 7, 2006. The motion is due to be denied.

On June 17, 2005, the court sentenced Defendant to fifteen months for violating the terms of his supervised release by committing "another federal, state or local crime." (Judgment, entered June 17, 2005.)  In the instant motion, Defendant states that, at the time of sentencing on the violations of supervised release, state charges arising from the same conduct which was the basis of the revocation of supervised release were pending against him in state court.  Defendant asserts that, three months after his sentence was imposed in this case, he pleaded guilty to the state charges and received a fifteen-year sentence.  Defendant says that the state court ordered that the state sentence run concurrently with this court's previously-imposed sentence on the supervised release violation charges.  However, as the judgment entered by this court stands now, Defendant states that he cannot begin service of his federal sentence until "he is either paroled to the

federal detainer . . . or he completes his state sentence." (Def. Mot. at 2.) Defendant, thus, moves this court to modify or amend the June 17, 2005 judgment and order that the sentence in this case run concurrent with his state sentence. Relatedly, Defendant complains that the presence of the federal detainer forecloses his access to the state work release program; thus, he requests that the federal detainer "be removed from his record." (Id. at 3.)

Defendant's reliance on 18 U.S.C. § 3582(c) as the statutory basis for his motion is misplaced. 18 U.S.C. § 3582(c) concerns the modification of a sentence in limited circumstances which clearly are inapplicable. Namely, § 3582(c) allows for a modification of a defendant's term of imprisonment only upon motion from the Bureau of Prisons or when there has been a subsequent change in the United States Sentencing Guidelines which would warrant a sentence reduction.

The statute also provides that a court may modify a term of imprisonment if expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure, see 18 U.S.C. § 3582(c)(1)(B), but Rule 35 also provides no basis for relief for Defendant. Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, a district court has authority to amend a sentence for clear error within seven days of imposing the sentence, but after seven days, Rule 35(b) bestows authority upon the court to amend a sentence only upon motion of the government to reflect a defendant's substantial assistance. Obviously, the relief requested by Defendant does not fall under the provisions of Rule 35. Seven days have long passed since the imposition of the court's sentence, and the government has not

moved to reduce Defendant's sentence based upon Defendant's substantial assistance. The court simply does not have the authority to modify a judgment which was entered more than a year-and-a-half ago, as is the case here.

Accordingly, it is CONSIDERED and ORDERED that Defendant's "motion for modification of sentence to run concurrent with state time (nunc pro tunc)" is hereby DENIED.

DONE this 8th day of December, 2006.

                              /s/ Truman M. Hobbs  
                              SENIOR UNITED STATES DISTRICT JUDGE